**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION

between

DAVID MUNCK, AS MANAGER OF
THE NEW YORK METROPOLITAN AREA
JOINT BOARD, LOCAL 89-22-1, UNITE,
Petitioner,

and

SCARLETT JUNIOR DRESS,
Respondent.

NOTICE OF PETITION
05 Civ. 3726 (AKH)

Sir(s):

PLEASE TAKE NOTICE, that upon the annexed Petition of Judith Greenspan, Esq., duly verified the 11th day of April 2005, and the accompanying Memorandum of Law, the undersigned will petition this court, before the Honorable Alvin K. Hellerstein on the ____ day of _____ 2005, at __:__ A.M., in the morning of that day, or as soon thereafter as counsel may be heard, for an order confirming the Arbitration Award of Marshall L. Rosenberg dated March 28, 2005, and granting the Petitioners judgment, in the amount of $37,876.02, together with interest on the principal amount from the date of the Arbitration Award to the date of the judgment, plus costs and such other and further relief as in the premises may be just.

Dated: April 14, 2005
New York, New York

Yours, etc.

_____
Judith Greenspan, Esq. – JG 5924
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5401

To:   Scarlett Junior Dress,
      1001 Sixth Avenue, 20/fl
      New York, NY 10018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION

between

DAVID MUNCK, AS MANAGER OF
THE NEW YORK METROPOLITAN AREA
JOINT BOARD, LOCAL 89-22-1, UNITE,
Petitioner,

and

SCARLETT JUNIOR DRESS,
Respondent.

PETITION TO CONFIRM
ARBITRATION AWARD



STATE OF NEW YORK   )
                    ) ss.
County of New York  )

The Petition of David Munck, as Manager of the New York Metropolitan Area Joint Board, Local 89-22-1, UNITE (hereinafter, the "Petitioner"), by their attorney Judith Greenspan, respectfully shows to this Court and alleges that:

1. I am Associate Counsel to Petitioner herein and am duly admitted to practice law before the Courts of the State of New York and before this Honorable Court and am fully familiar with the prior proceedings had in this matter. I submit this Petition in support of Petitioner's application for an Order confirming the Arbitration Award of Marshall L. Rosenberg (hereinafter, the "Arbitrator"), dated March 28, 2005.

2. The New York Metropolitan Area Joint Board, Local 89-22-1, UNITE with its sole office at 275 7th Avenue, New York, New York 10001, sponsors an employee benefit plan (hereinafter, the "Plan"), within the meaning of Section 3 (3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3). Such plan was established and is being maintained pursuant to one or more collective bargaining agreements entered into between employee organizations and various employers in the clothing industry. The plan was created to provide health welfare and retirement benefits to eligible employees of contributing employers.

3. Scarlett Junior Dress, (hereinafter, the "Respondent"), is a party to a Collective Bargaining Agreement, with the New York Metropolitan Area Joint Board, Local 89-22-1,

UNITE. The Collective Bargaining Agreement obligates the employer to contribute to the Plan based upon stated percentages of its gross payroll.

4. A dispute has arisen concerning Respondent's obligation to contribute to the Fund for the period of October 1, 2004 to January 31, 2005, in the amount of $37,876.02.

5. Pursuant to the Collective Bargaining Agreement, the dispute was referred to the Arbitrator for arbitration on March 23, 2005.

6. After considering the evidence presented at the hearing the Arbitrator issued an Arbitration Award (hereinafter, "Arbitration Award") directing the Respondent, among others, to pay to the Union the sum of $30,491.58 for the UNITE National Health Fund and the sum of $7,384.44 for the UNITE National Retirement Fund plus interest at 9% per annum from February 16, 2005. A copy of the Arbitration Award is annexed hereto as **EXHIBIT A**.

7. The CBA entered into between the Union and the Respondent, Article Forty-Fourth, Article (8) thereof states among others that:

> The initial paper, notice or process in any application to a court to confirm and enforce an award of the Impartial Chairman, including process conferring jurisdiction upon the court of the parties involved, may be made by certified mail…..

8. On March 28, 2005, the Arbitrator served a copy of the Arbitration Award on Respondent.

9. To date, Respondent has not paid any part of the Arbitration Award.

10. As a result of Respondent's failure to abide by the Arbitration Award, Petitioner now seek judicial enforcement thereof. As more fully demonstrated in the annexed Memorandum of Law, this court has jurisdiction over Respondent.

**WHEREFORE**, your Petitioner pray for an Order confirming the Arbitration Award, and directing the entry of Judgment in the amount of $37,876.02, in delinquent contributions together with interest in the amount of $284.07 from the 16th day of February, 2005 to the date of judgment at the rate of 9% as provided for in the Arbitration Award, together with the costs incurred in connection with this Petition.

Dated: April 11, 2005
New York, New York

*/s/ Judith Greenspan*
Judith Greenspan, Esq. – JG 5924
Attorney for Petitioner
730 Broadway, 10th Floor
New York, New York 10003
(212) 539-5401

EXHIBIT A

```
----------------------------------------x
In the Matter of the Arbitration Between
    NEW YORK METROPOLITAN AREA JOINT BOARD,
    LOCAL 89-22-1, UNITE,

                                    Union
                                                        A W A R D
        - and -

    SCARLETT JUNIOR DRESS,
                                    Employer
----------------------------------------x
```

DATE OF HEARING:   March 23, 2005

APPEARANCES:

        For the Union:        Judith Greenspan, Esq.

        For the Employer:      No Appearance

On the written complaint of the Union, dated February 17, 2005, that the Employer has failed to comply with the terms of a collective bargaining agreement with the Union in the respects therein set forth, a hearing was held before the undersigned on due and sufficient notice in accordance with the provisions for arbitration in said agreement.

On the basis of the evidence adduced at the hearing by the party appearing, the Employer having failed to appear or otherwise interpose a defense, and as provided by the aforesaid agreement, I hereby determine and decide this matter as follows:

AWARD

The Employer, Scarlett Junior Dress, is directed to pay to the Union forthwith towards the following, for the period from October 1, 2004 to January 31, 2005.

1. UNITE National Fund -
the sum of $30,491.58.

2. UNITE National Retirement Fund -
the sum of $7,384.44.

3. Industry Promotion Fund -
the sum of $2,338.41.

4. Council for American Fashions -
the sum of $123.07.

The Employer is further directed to pay to the Union towards the said Funds interest on the aforesaid principal sums, or any unpaid balance thereof, at the rate of nine (9%) per cent per annum, from the 16th day of February, 2005, until the principal sums are paid in full.

Dated: March 28, 2005

*[signature]*
MARSHALL L. ROSENBERG
Impartial Chairman

```
STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )
```

On this 28th day of March, 2005, before me personally appeared MARSHALL L. ROSENBERG, to me known and known to me to be the individual described in and who executed the within instrument and he duly acknowledged to me that he executed the same.

_____

RENEE ADLER
Notary Public, State of New York
Qualified in Kings County No. 24-4871112
My Commission Expires November 30, 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION

between

DAVID MUNCK, AS MANAGER OF
THE NEW YORK METROPOLITAN AREA
JOINT BOARD, LOCAL 89-22-1, UNITE,
Petitioner,

and

SCARLETT JUNIOR DRESS,
Respondent.

05 Civ. 3726 (AKH)

MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

Factual Background

The facts relevant to the instant memorandum are fully recited in the accompanying Petition of Judith Greenspan, duly verified the 11th day of April 2005.

INTRODUCTION

This proceeding has been brought to confirm an arbitration award dated March 28, 2005, in which Marshall L. Rosenberg (hereinafter, the "Arbitrator"), found that Scarlett Junior Dress, (hereinafter, the "Respondent"), was obligated by the terms of a Collective Bargaining Agreement to make employee benefit contributions to the ILGWU Eastern States Health and Welfare Fund and the ILGWU National Retirement Fund (hereinafter collectively, the "Funds"), and granted the Trustees of the Funds (hereinafter, the "Petitioners"), recovery as to delinquent amounts. For the reasons set forth below, this court

has jurisdiction over the subject matter and over the person of the Respondent and is therefore the proper forum for a Petition to confirm that Arbitration Award.

## POINT I

### THIS COURT HAS SUBJECT MATTER JURISDICTION HEREIN

Section 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 USC 1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As found by the Arbitrator, Respondent has failed to make contributions to the Funds required by a Collective Bargaining Agreement in accordance with the Agreement.

Section 502(a) (3), (B) (i), 29 USC 1132 9(a) (3), (B) (i), states that:

> A civil action may be brought by a participant, beneficiary or fiduciary to redress such violations (of title I of ERISA, 2-608, 29 USC 1001-1168).

As fiduciaries of the Funds, Petitioners have standing to bring this proceeding, which seeks redress of Respondent's violation of section 515.

This court has jurisdiction to hear this proceeding under section 502(f), which provides:

> The district courts of the United States shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

As shown above, this is an action for relief under subsection (a) of 502.

The Petitioners also bring this Petition pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185(a). Section 301(a) vests the federal

courts with the power and jurisdiction to confirm an arbitration award made in accordance with a collective bargaining agreement in the labor relations context. Sheet Metal Contractors Assoc. of New York City v. Local Union No. 28 of N.Y., 301 F. Supp. 553 (S.D.N.Y. 1969).

It is well established that agreements requiring employee benefit contributions are contracts within the meaning of Section 301(a), Savoretti v. Hotel & Restaurant Emp. and Bartenders, 407 F. Supp 1286 (S.D.N.Y. 1979), and that trustees of an employee benefit fund may maintain an action under that section. Whelan v. Colgan, 602 F. 2nd 1060 (2d. Cir. 1979). [See also, Santos v. District Council of New York City, etc., 619 F. 2d 963 (2d. Cir. 1980)], holding that the prevailing party in a labor arbitration proceeding may seek court enforcement of the award under Section 301(a).

POINT II

THIS COURT HAS PERSONAL
JURISDICTION OVER RESPONDENT

Section 502(e)(2) of ERISA, 29 USC 1132(e)(2) provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or may be found, and process may be served in any other district where defendant resides or may be found.

As stated in the Petition, Petitioner's sole place of business, and the place from where the plan is administered, is within the Southern District of New York. Thus, venue is proper in this court.

The last clause of section 502(e)(2) authorizes nation wide service of process on a defendant, regardless of the district in which the action is brought. See Rodd v. Region Construction Co., 783 F. 2d 89 (7th cir 1986). As Respondent was served with process within the district of New Jersey this court has obtained personal jurisdiction.

POINT III

THE FUND IS ENTITLED TO RECOVER<br>
PRE-JUDGMENT INTEREST AND<br>
LIQUIDATED DAMAGES, TOGETHER<br>
WITH COSTS AND ATTORNEY FEES

ERISA Section 502(g)(2), 29 USC 1132(g)(2) provides, in pertinent part:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515, in which a judgment in favor of the plan is awarded, the court shall award the plan
>
> > (A) the unpaid contributions,
> >
> > (B) interest on the unpaid contributions,
> >
> > (C) an amount equal to the greater of --
> >
> > > (i) interest on the unpaid contributions, or
> > >
> > > (ii) liquidated damages provided for under the plan...
> >
> > (D) reasonable attorney fees and costs of the action, to be paid by the defendant, and
> >
> > (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan.....

As demonstrated above, this Petition is an action to enforce Section 515 of ERISA.

The Arbitrator granted the Funds interest on the unpaid contributions at the rate of 9% per annum from the 16th day of February, 2005. Pursuant to section 502 (g) (2) the Funds are also entitled to interest on the past due amount through the date of judgment. In addition, the Funds should recover their reasonable costs and attorney fees incurred in connection with this Petition.

## CONCLUSION

PETITIONERS' PETITION SHOULD BE GRANTED AND AN ORDER ISSUED CONFIRMING THE ARBITRATION AWARD AND DIRECTING ENTRY OF JUDGMENT, IN THE AMOUNT OF $37,876.02, AS DIRECTED BY THE ARBITRATOR TOGETHER WITH INTEREST AT 9% PER ANNUM FROM THE DATE OF THE ARBITRATION AWARD TO THE DATE OF JUDGMENT, PLUS COSTS AS PROVIDED BY LAW.

Dated: April 14, 2005
New York, New York

Respectfully submitted,

_____
Judith Greenspan, Esq. – JG 5924
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5401